James P. Krauzlis
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FEDERAL INSURANCE COMPANY a/s/o MCT
Dairies, Inc.,

20 Civ.

                        Plaintiff,

**COMPLAINT**

   - against –

CAROTRANS INTERNATIONAL, INC.,

                       Defendant.
----------------------------------------------------------x

      Plaintiff, FEDERAL INSURANCE COMPANY a/s/o MCT Dairies, Inc., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint against the Defendant, CAROTRANS INTERNATIONAL, INC., alleges upon information and belief as follows:

## JURISDICTION

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the CAROTRANS INTERNATIONAL, INC., bill of lading, which mandates that jurisdiction for all claims arising under its bill of lading shall be in this district.

## PARTIES

      2.    At all material times, FEDERAL INSURANCE COMPANY (hereinafter "FIC" or "Plaintiff") was and is a corporation with an office and place of business located at 15 Mountainview Road, Warren, New Jersey 07059, and is the subrogated underwriter of the

consignment of 80 BAGS OF 7007 DRY CREAM in container SEGU6027749, as more specifically described below.

3. At all material times defendant, CAROTRANS INTERNATIONAL, INC. (hereinafter "Defendant" or "CAROTRANS") was and is a corporation with an office and place of business located at 100 Walnut Street, Suite 202, Clark, NJ 07066, and, at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a vessel owning common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. On or before April 25, 2019, Seafrigo USA as freight forwarder, and on behalf of the shipper and Plaintiff's assured, MCT Dairies, as shipper, contracted with CAROTRANS to transport a consignment of 80 BAGS OF 7007 DRY CREAM, then being in good order and condition, which was then loaded into an ocean shipping container provided by CAROTRAS, numbered SEGU6027749, from the place of receipt, Chicago, IL, to the Port of Loading, Los Angeles, CA, for carriage to Catlai, Ho Chi Minnh City, Vietnam, via the Port of Singapore.

6. On or about April 25, 2019, CARTOTRANS loaded 80 BAGS OF 7007 DRY CREAM, then being in good order and condition, in an ocean shipping container, SEGU6027749 in Chicago, IL, which had been provided by CAROTRANS, and then carried same to the port of loading, Los Angeles, CA, for ocean carriage to Singapore for ultimate delivery to the consignees, Hoag Lam Trading and Foods Technology, located in Catlai, Ho Chi Minnh, City, Vietnam.

7. The transportation of the aforementioned consignment was all arranged in consideration of an agreed upon freight, and pursuant to a bill of ladling numbered CHXSIN1916024 dated April 25, 2019, issued by Defendant CAROTRANS, all of which related to the 80 BAGS OF 7007 DRY CREAM, then being in good order and condition, in an ocean shipping container which had been provided by CAROTRANS, numbered SEGU6027749.

8. Thereafter, the aforementioned container was loaded onboard the M/V HYUNDAI JAKARTA, Voy. 094, at the Port of Los Angeles, CA, and the aforementioned vessel departed for her intended destination.

9. Thereafter the aforementioned container arrived in Catlai, Ho Chi Minnh City, where it was delivered to the aforementioned consignee, at which time it was discovered the subject shipment was damaged due to the shipment having been subjected to improper handling and wetting and mold damage while being shipped in said container due to omissions and negligence on the part of CAROTRANS, and/or breaches of the contracts of carriage while said container was in the care, custody and control of CAROTRANS.

10. The damage to the cargo was not the result of any act or omission of the Plaintiff or its assureds, or the consignee but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of Defendant CAROTRANS and/or its agents.

11. Plaintiff's assured, MCT Dairies, Inc, sustained a loss in the amount of $19,203.08 due to damage to the subject shipment in addition to additional and necessary expenses incurred with respect to the damaged cargo.

12. As a result of the foregoing, Plaintiff's assureds, MCT Dairies, Inc, suffered a loss in the amount of $19,203.08, no part of which has been paid, despite due demand of Defendant CAROTRANS.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between MCT Dairies, Inc, as Plaintiff's assureds, and FIC which provided coverage for, among other things, loss or damage to the aforementioned consignment.

14. Pursuant to the aforementioned contract of insurance between MCT Dairies, Inc, as Plaintiff's assureds, and FIC, monies have been expended on behalf of MCT Dairies, Inc, as Plaintiff's assureds, to the detriment of FIC in the amount of $19,203.08 due to the damages sustained by the aforementioned shipment during transit.

15. As FIC has sustained damages as the result of said expenditures, expenditures rightly the responsibility of the Defendant CAROTRANS, FIC has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant, including the deductible.

16. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $19,203.08.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT- BREACH OF CONTRACT

17. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. Pursuant to the contracts entered into between the parties, the Defendant owed a contractual and statutory duty to the Plaintiff, to load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. The Defendant CAROTRANS breached its contractual and statutory duties by failing to properly load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first loaded, stowed, secured, protect and/or accepted custody, care and control of the goods.

20. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than a total of $19,203.08.

21. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $19,203.08.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT - BREACH OF BAILMENT

22. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the Defendant owed contractual and statutory duties to Plaintiff to load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. The Defendant CAROTRANS breached its duties as bailees for hire by failing to properly to load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody, care and control of the goods.

25. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $19,203.08.

26. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $19,203.08.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT - NEGLIGENCE

27. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. The Defendant owed a duty to the Plaintiff to load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

29. The Defendant CAROTRANS breached and were negligent in exercising its duty load, stow, secure, protect, carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody, care and control of the goods.

30. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $19,203.08.

31. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $19,203.08.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff Against Defendant CAROTRANS for the amount of Plaintiff's damages of at least $19,203.08, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 24, 2020
115-1588

                                      CASEY & BARNETT, LLC
                                      Attorneys for Plaintiff

By: _____
                                      James P. Krauzlis
                                      305 Broadway, Ste 1202
                                      New York, New York 10010
                                      (212) 286-0225